*996
 
 Opinion
 

 FRIEDMAN, J.
 

 A defendant in a felony case failed to appear for trial. The superior court ordered forfeiture of his $5,000 bail bond and eventually entered a summary judgment for that amount against the surety company. The latter unsuccessfully moved to set aside the summary judgment and now appeals from the order of denial.
 

 Alleged lack of jurisdiction is the basis of the surety’s objection. Its thesis is that the municipal court, not the superior court, had exclusive jurisdiction to enter the $5,000 summary judgment, that amount being within the municipal court’s original jurisdiction. It relies upon Code of Civil Procedure section 86, subdivision (a)(1), (granting municipal and justice courts original jurisdiction over money actions in which the demand amounts to $5,000 or less) and upon article VI, section 10 of the state Constitution (which withholds from the superior courts jurisdiction given by statute to other trial courts).
 

 The case turns upon the provisions of Penal Code section 1306. As applicable here, that statute declares: “When any bond is forfeited, if the court which has declared the bond forfeited has civil jurisdiction to render judgment in an action arising upon a contract of similar nature and amount, .. . the court shall enter a summary judgment against [the] bondsman .... If the court declaring the forfeiture does not have jurisdiction to render judgment in an action arising upon a contract of similar nature and amount, . . . the bond and the certified copy of forfeiture [shall be filed] in a court having jurisdiction to render judgment in an action arising upon a contract of similar nature and amount. The court in which the bond and certified copy of forfeiture is filed shall forthwith enter a summary judgment against [the] bondsman . . . ."
 

 The decisive factor in determining the amount of money at issue for jurisdictional purposes is the demand of the complaint, not the amount of the ultimate judgment.
 
 (Sellery
 
 v.
 
 Ward,
 
 21 Cal.2d 300, 304 [131 P.2d 550];
 
 Allstate Leasing Corp.
 
 v.
 
 Smith,
 
 238 Cal.App.2d 128, 130 [47 Cal.Rptr. 636]; 1 Witkin, Cal. Procedure (2d ed.) Jurisdiction, § 19, pp. 545-546.) Once its jurisdiction attaches, the superior court retains jurisdiction to render a judgment for less than $5,000, even though a prayer for that amount would have lodged the action within the original jurisdiction of the municipal or justice court.
 
 (Sellery
 
 v.
 
 Ward, supra.)
 

 
 *997
 
 As Penal Code section 1306 is drawn, the vital element is jurisdiction to “render judgment,” not jurisdiction to entertain a civil suit for a comparable amount. In relationship to the criminal prosecution, the forfeiture of bail is an independent, collateral matter, civil in nature.
 
 (People
 
 v.
 
 Wilcox,
 
 53 Cal.2d 651, 654 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174].) Having been vested with jurisdiction by the forfeiture of the bail bond, the superior court retains jurisdiction to render a summary judgment, even though for an amount within the original jurisdiction of the municipal or justice court.
 

 A dictum in
 
 People
 
 v.
 
 Walling,
 
 195 Cal.App.2d 640, 650 [16 Cal.Rptr. 70], expresses approval of a superior court’s action transferring forfeiture of a $1,000 bail bond to the municipal court for entry of judgment. The
 
 Walling
 
 court states: “The amount involved was . . . not within the jurisdiction of the superior court.” We disagree with the
 
 Walling
 
 dictum. The superior court has jurisdiction to “render judgment” for less than $5,000; hence, it is not required to transfer the forfeiture proceeding to the municipal court for entry of judgment. Section 1306 requires transfer of the proceeding (to the superior court) only after municipal or justice' court has finally forfeited a bond exceeding $5,000.
 

 Order affirmed.
 

 Puglia, P. J., and Regan, J., concurred.
 

 A petition for a rehearing was denied August 16, 1977, and appellant’s petition for a hearing by the Supreme Court was denied September 22, 1977.