[No. G022588. Fourth Dist., Div. Three. Sept. 28, 1998.]

DAVID J. HUANG, Plaintiff and Appellant, v.
ANDREW CHENG et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976(b), parts III and IV of this opinion (except the dispositional sentence at the end of part IV) are not published, as they do not meet the standards for publication.

**COUNSEL**

Cory Schmissrauter for Plaintiff and Appellant.

James E. Mahfood for Defendants and Respondents.

## OPINION

**SONENSHINE, J.**—Attorney David J. Huang appeals from the dismissal of his collection action against his former clients, Andrew and Yvonne Cheng. In this case of first impression we decide Business and Professions Code section 6201[1] requires attorneys to provide their clients with written notice of the right to arbitrate only after a fee dispute has arisen.

I

From May 11, 1992, to March 19, 1993, Huang represented the Chengs in four different lawsuits. On March 25, 1993, he sent the Chengs a $61,477.50 bill for his services. The next day, he mailed them a California State Bar form entitled "Notice of Client's Right to Arbitrate," describing how to request arbitration for fee disputes pursuant to section 6201. In boldface type it notified the Chengs their arbitration rights would be waived if they: "(1) Fail to request arbitration within 30 days from receipt of this notice; or (2) Receive this notice and then answer a complaint . . . without first having served and filed a request for arbitration; or (3) Commence an action or file any pleadings seeking judicial resolution of [the] dispute or seeking affirmative relief . . . based upon alleged malpractice or professional negligence."[2] (See § 6201, subds. (a) & (d).)

The Chengs asked for and Huang agreed to give them more time to pay the bill. More than two years later, in January 1996, Huang filed the underlying lawsuit.[3] He alleged three alternative causes of action seeking attorney fees: (1) breach of contract, (2) common count, and (3) quantum meruit. He also claimed to be the victim of slander and intentional infliction of emotional distress.

The Chengs, acting in propria persona, filed an answer denying all of Huang's allegations. A few months later, the court ordered them to "telephone the Orange County Bar Association as soon as possible to set up a

---

[1] All further references are to the Business and Professions Code unless otherwise indicated.

[2] Although the Chengs told the trial court they did not receive this notice, they do not make this contention on appeal.

[3] The parties disagree about what happened in the long interim. The Chengs maintain they overpaid Huang. Andrew Cheng asserts he worked without pay for 3,250 hours as a clerk and interpreter at Huang's law office. He claims his time was worth $25 per hour and thus he paid Huang $81,250 in services. In addition, the Chengs say they gave Huang $19,000 cash, $4,400 from an escrow refund, $10,000 worth of jewelry, and a $6,500 piano. Not surprisingly, Huang maintains the Chengs still owe much of their debt. He denies Andrew Cheng worked for him as a law clerk and says any money he received covered only court and deposition costs. He admits the Chengs gave him some jewelry, but maintains it was worth only $1,000. He denies receiving any other property from the Chengs.

date for arbitration of [the] fee dispute. [The a]rbitration [is] to be completed by [March 1, 1997] unless otherwise directed by the Bar Association." The Chengs claim they contacted the bar, but their request to arbitrate was turned down as untimely under section 6201, which requires such requests be made before the answer is filed.

Before trial, the Chengs retained counsel and filed a motion *in limine* to dismiss all causes of action seeking attorney fees, maintaining Huang failed to properly notify them of their arbitration rights, in violation of section 6201. Huang opposed the motion, arguing he sent the requisite notification in 1993. He also asserted the Chengs waived their right to arbitrate by filing an answer and failing to raise the matter as an affirmative defense or during the course of discovery.

On the first day of trial, the court considered both parties' arguments and aptly observed, "The question is [whether] a service of a notice of [a] client's right to arbitrate literally two years and some months prior to the filing of the action . . . is . . . substantial compliance with the statute that the court should deem the parties on notice. [¶] The . . . court's conclusion is it is not. . . . The section doesn't, of course, say exactly when the client is supposed to be served. . . . [It only mandates notice be given] either prior to or at the time of the service of summons. [¶] . . . [¶] Prior to, well, prior to could mean when? At the beginning of the attorney-client relationship when one signs a retainer agreement, is that ample notice? I don't think so. With each and every one of the billing statements before a dispute has arisen? I don't think that's compliance. With the last billing statement before a dispute has arisen? I don't think that's what the Legislature meant. [¶] So the court's conclusion is [Huang's notice] is not [in] strict compliance with the code nor is it [in] substantial compliance with the code. [¶] So the court finds that this particular notice is ineffective." The court concluded the Legislature intended notice be sent in conjunction with the complaint. It dismissed Huang's causes of action seeking attorney fees for his failure to comply. In addition, on its own motion, the court entered judgment on the pleadings as to Huang's remaining slander and intentional infliction of emotional distress causes of action.

## II

Huang contends the court misinterpreted section 6201; he argues the statute does not require notification be sent close in time or concurrently with the complaint. Because his claim raises a question of statutory interpretation, we independently review the judgment. (See *Richards, Watson & Gershon* v. *King* (1995) 39 Cal.App.4th 1176, 1179 [46 Cal.Rptr.2d 169].)

Section 6201 subdivision (a) provides, "[A]n attorney shall forward a written notice to the client prior to or at the time of service of summons or claim in an action against the client . . . for recovery of fees, costs, or both. The written notice shall be in the form that the board of governors prescribes, and shall include a statement of the client's right to arbitration under this article. Failure to give this notice shall be a ground for the dismissal of the action . . . ." Focusing on the phrase "prior to," Huang argues the Legislature intended an attorney could give notice *anytime before* filing a complaint. The parties cite to no authority on this issue and we have found none. However, after considering the statute as a whole, and looking to its clear purpose, we conclude the time frame in which such notice is to be given is narrow. Specifically, the right-to-arbitrate notice is effective only *after* an actual fee dispute has arisen.

The purpose and policy of the arbitration statutes are to ensure the fair resolution of attorney fee disputes. The Legislature expressly empowered the California State Bar to "establish, maintain, and administer a system and procedure for the *arbitration . . . of disputes* concerning [attorney] fees . . . ." (§ 6200, italics added.) And as explained in *Manatt, Phelps, Rothenberg & Tunney* v. *Lawrence* (1984) 151 Cal.App.3d 1165, 1174 [199 Cal.Rptr. 246], "The policy behind the . . . statute[] is . . . to alleviate the disparity in bargaining power in attorney fee matters which favors the attorney by providing an effective, inexpensive remedy to a client which does not necessitate the hiring of a second attorney. [Citation.]" Indeed, arbitration is "optional for the client and mandatory for the attorney if the client requests arbitration." (Vapnek et al., Cal. Practice Guide: Professional Responsibility (The Rutter Group 1997) ¶ 5:1115, p. 5-132, italics omitted.)

Our interpretation is consistent with section 6201's other provisions. Section 6201, subdivisions (a) and (d) provide clients, once notified of their rights, have a limited window of opportunity to request arbitration: (1) 30 days after receipt of the notice, (2) before filing an answer or any pleading seeking judicial resolution of the dispute, or (3) before commencing an action against the attorney based on "alleged malpractice of professional misconduct." It would be absurd to require a client to request arbitration within the 30-day limitations period if no controversy existed at that time. ■ " ' "[W]here the language of a statutory provision is susceptible of two constructions, one of which, in application, will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive of absurd consequences, the former construction will be adopted." . . .' " (*People* ex rel. *Lungren* v. *Superior Court* (1996) 14 Cal.4th 294, 305 [58 Cal.Rptr.2d 855, 926 P.2d 1042], citations omitted.) Moreover, we cannot "adopt a statutory construction that will lead us to results contrary to

the Legislature's apparent purpose. (*Ibid.*) ■ We find the only reasonable interpretation requires attorneys give notice to a client after a fee dispute has arisen.[4]

## III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

The judgment is affirmed. The Chengs shall recover their costs on appeal.

Sills, P. J., and Rylaarsdam, J., concurred.

On October 16, 1998, the opinion was modified to read as printed above.

---

[4]Huang also maintains the Chengs waived their right to arbitrate by failing to make a timely request, raise the section 6201 violation as an affirmative defense in their answer, or bring the matter to the court's attention during discovery. He forgets the Chengs had no reason to believe they were entitled to arbitration. Huang's 1993 notice informed the Chengs they had *waived* their rights. Moreover, the county bar representative told the Chengs it was too late to request arbitration. In any event, Huang's contentions regarding waiver are moot in light of our holding the Chengs did not receive effective notice of the right to arbitrate.

Finally, we must note our exasperation in the time and effort expended to sort through Huang's needlessly lengthy brief, which is filled with ramblings, slanderous remarks and repetitive accusations. An observation of the court in *In re Marriage of Green* (1989) 213 Cal.App.3d 14, 28-29 [261 Cal.Rptr. 294], seems particularly apt: "Record and case citations are often absent, inaccurate, irrelevant, or misleading. From the point of view of grammar and syntax as well as logic, [appellant's] briefs are almost impenetrable. Contrary to rules of appellate practice, [appellant] cites only evidence supporting his contentions on appeal, entirely ignoring facts which support the judgment."

*See footnote, *ante*, page 1230.