[No. H035398. Sixth Dist. Aug. 4, 2011.]

CARRIE GIORGIANNI, Plaintiff and Respondent, v.
JOHN KEVIN CROWLEY, Defendant and Appellant.

COUNSEL

Gates Eisenhart Dawson and Nicholas G. Emanuel for Defendant and Appellant.

Law Offices of Barbara Farnum and Barbara Farnum for Plaintiff and Respondent.

OPINION

**DUFFY, J.**—Under the Mandatory Fee Arbitration Act (Bus. & Prof. Code, § 6200 et seq.; MFAA), a client may resolve attorney fee disputes by a speedy and inexpensive nonbinding arbitration process.[1] Carrie Giorgianni prevailed at arbitration, and her attorney, John Kevin Crowley, filed a request for trial de novo that was within the 30-day time limit specified in the MFAA, thereby (he thought) rejecting the arbitration award. Giorgianni petitioned to confirm the award, claiming that Crowley's de novo request was filed in the wrong court and was therefore ineffective. The court below agreed and confirmed the arbitration award.

We conclude that the trial court erred. The award was nonbinding and would have become binding only if neither side timely rejected it. Crowley filed a timely request for trial de novo in the small claims division of the superior court (small claims court; see Code Civ. Proc., § 116.210), alleging that the amount in controversy—i.e., the amount that he claimed owing from Giorgianni—was no more than $5,000. We reject Giorgianni's contention that the de novo request should have been filed as an unlimited jurisdiction matter of the superior court because both her claim in the MFAA arbitration and the award exceeded the $5,000 ceiling for small claims court. We hold that Crowley's request filed in small claims court effectively rejected the arbitration award and will therefore reverse judgment entered on the order confirming the award.

### PROCEDURAL HISTORY[2]

Crowley represented Giorgianni in a family law proceeding to enforce a judgment against her former husband. Giorgianni was billed in excess of

---

[1] All further statutory references are to the Business and Professions Code unless otherwise stated.

[2] Some of the background matters stated here are derived from Giorgianni's reply memorandum filed below. Although the matters were not submitted as competent evidence, they have been adopted by Crowley in his opening brief.

$77,000. Giorgianni paid over $69,000 and thereafter requested arbitration through the Santa Clara County Bar Association Fee Arbitration Program. She claimed in that proceeding that she had been overcharged by approximately $40,000; Crowley claimed that approximately $11,000 was due on outstanding billings. After arbitration, on August 28, 2009, the arbitrators served an award granting Giorgianni a recovery of $29,713.96 (Award).[3]

On September 21, 2009, Crowley filed a small claims court action against Giorgianni in which he sought an amount "not to exceed $5,000" for "[u]npaid fees for services and costs expended." He alleged that the matter was an attorney-client fee dispute, checked the box indicating that the matter had already proceeded to arbitration, and attached the form (SC-101) specified for arbitrated attorney fee disputes. Crowley alleged in the form attached to the complaint that the amount of money in dispute was not more than $5,000; the arbitrator decided that the attorney was required to pay the other party an unspecified amount; and Crowley "want[ed] a trial in small claims court to decide the fee dispute."[4] The following explanatory language appeared on the form next to the box Crowley checked indicating that he wanted a trial: "(*You can check this option only if you did not agree in writing to a binding award **and** you file this form within 30 days after the Notice of the Award.*)" (Original italics, boldface & underscoring.)

On November 6, 2009, Giorgianni filed a petition in the superior court to confirm the Award. She alleged that the action was an unlimited civil case with an amount in controversy of $29,713.96; more than 30 days had passed since the mailing of the Award; and no party had filed a timely rejection of the Award and request for trial. Crowley contended in his response that the petition to confirm should be denied because he had timely rejected the Award by filing the small claims action. His response was accompanied by a request for judicial notice of the small claims complaint. After a hearing, the court filed an order confirming the Award and entering judgment on it on January 25, 2010. Crowley filed a timely notice of appeal.

---

[3] A copy of the Award—notwithstanding the allegation in Giorgianni's petition to confirm that it was attached to the petition—was not included in the record. The parties dispute neither the substance of the award nor the fact that it was nonbinding.

[4] Although the form contained blanks for the amount of the arbitration award and its date of mailing, Crowley did not fill in these blanks. Also, the record does not show that the Award was attached to the small claims complaint, notwithstanding the fact that the form indicated it should be attached unless an explanation for not doing so was given. (No explanation for not attaching the Award was provided by Crowley.)

## DISCUSSION

### I. *Appealability*

■ Giorgianni raises a threshold issue concerning appealability. "The existence of an appealable judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074].) Giorgianni's challenge is without merit.

■ Under section 6203, subdivision (b), a party may petition to confirm an arbitration award in the same manner as arbitration awards may be confirmed under Code of Civil Procedure section 1285 of the California Arbitration Act. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 588 [86 Cal.Rptr.3d 784]; see also *Loeb v. Record* (2008) 162 Cal.App.4th 431, 449–450 [75 Cal.Rptr.3d 551].)[5] If an arbitration order is confirmed, the court is required to enter judgment thereon, and "[t]he judgment so entered has the same force and effect as . . . a judgment in a civil action of the same jurisdictional classification . . ." and is enforceable in the same manner. (Code Civ. Proc., § 1287.4; see also Code Civ. Proc., § 1294.) An appeal will lie from the judgment entered on the order confirming the arbitration award. (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1216, fn. 3 [92 Cal.Rptr.3d 17]; *Cummings v. Future Nissan* (2005) 128 Cal.App.4th 321, 326–327 [27 Cal.Rptr.3d 10].)

Although Giorgianni concedes that an appeal from a judgment entered on an order confirming an arbitration award is proper (Code Civ. Proc., § 1294, subd. (d)), she argues that Crowley cannot maintain this appeal because he did not challenge the Award by moving to vacate or correct it or by requesting a trial de novo. She cites *Knass v. Blue Cross of California* (1991) 228 Cal.App.3d 390 [279 Cal.Rptr. 124] (*Knass*) in support of this contention. There, after the plaintiff filed suit against his medical insurer, the parties stipulated to binding arbitration. (*Id.* at p. 392.) An award was rendered in favor of the insurer and a judgment was thereafter entered. (*Ibid.*) The plaintiff did not file a petition to vacate or correct the award as required under the California Arbitration Act; rather, he appealed from the judgment and

[5] Section 6203, subdivision (b), reads in part: "If an action has previously been filed in any court, any petition to confirm, correct, or vacate the award shall be to the court in which the action is pending, and may be served by mail on any party who has appeared, as provided in Chapter 4 (commencing with Section 1003) of Title 14 of Part 2 of the Code of Civil Procedure; otherwise it shall be in the same manner as provided in Chapter 4 (commencing with Section 1285) of Title 9 of Part 3 of the Code of Civil Procedure. If no action is pending in any court, the award may be confirmed, corrected, or vacated by petition to the court having jurisdiction over the amount of the arbitration award, but otherwise in the same manner as provided in Chapter 4 (commencing with Section 1285) of Title 9 of Part 3 of the Code of Civil Procedure."

claimed the award should be vacated due to an error of law. (228 Cal.App.3d at p. 392.) The court rejected the challenge, concluding the plaintiff had waived the right to contest the arbitration award by failing to petition to vacate it within 100 days after service of the award, as required by Code of Civil Procedure section 1288. (*Knass*, at p. 394.)

*Knass* is inapposite. The parties here did not stipulate to binding arbitration, and Crowley does not contend that the Award contained an error of law. Rather, he urges that it was nonbinding as provided under the MFAA and that he timely rejected it by filing the small claims action within 30 days after its service. And he presented these challenges in opposition to Giorgianni's petition to confirm the Award. Under the circumstances, Crowley preserved his objection to entry of judgment on the Award, and *Knass* has no application here.

Moreover, Giorgianni's claim that Crowley did not perfect the appeal because he purportedly did not request a trial de novo involves circular reasoning. Under this view, the court's determination that Crowley's filing of the small claims action was legally ineffective—which was the premise for its rejection of Crowley's position and its confirmation of the Award—would be unassailable, because the assumed validity of the court's conclusion would preclude an appeal. There is no justification for precluding a party's right to appeal on this basis. (Cf. *Kaatz v. City of Seaside* (2006) 143 Cal.App.4th 13, 25–27 [49 Cal.Rptr.3d 95] [denying motion to dismiss founded on contention that shortened time limit for appeal in validation action applied, where appellant challenged trial court's decision that suit constituted validation action].)

The judgment entered on the order confirming the Award is appealable (*Cummings v. Future Nissan, supra*, 128 Cal.App.4th at pp. 326–327), and Crowley is not barred from pursuing the appeal on any grounds claimed by Giorgianni.

## II. *Standard of Review*

Our review is of the superior court's judgment, not of the Award itself. Accordingly, we review de novo the court's judgment on the order confirming the Award. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9 [36 Cal.Rptr.2d 581, 885 P.2d 994]; see also *Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1217 [101 Cal.Rptr.3d 97]; *Lindenstadt v. Staff Builders, Inc.* (1997) 55 Cal.App.4th 882, 892, fn. 7 [64 Cal.Rptr.2d 484].) Further, we must decide here whether Crowley's filing of the small claims action constituted an effective rejection of the Award under the MFAA. Since that decision is based upon an interpretation of the relevant MFAA statutes

and an application of that interpretation to the undisputed facts presented here, these questions of law are subject to independent review. (*Loeb v. Record, supra,* 162 Cal.App.4th at p. 441.)

### III. Confirmation of Award Notwithstanding Timely Filing of Small Claims Action

#### A. Mandatory Fee Arbitration Act

The MFAA was enacted in 1978 to address the concern that fee disputes constituted the most serious problem between attorneys and their clients. (See *Aguilar v. Lerner* (2004) 32 Cal.4th 974, 983–984 [12 Cal.Rptr.3d 287, 88 P.3d 24].) "The policy behind the mandatory fee arbitration statutes [was] . . . to alleviate the disparity in bargaining power in attorney fee matters which favors the attorney by providing an effective, inexpensive remedy to a client which does not necessitate the hiring of a second attorney. [Citation.]" (*Manatt, Phelps, Rothenberg & Tunney v. Lawrence* (1984) 151 Cal.App.3d 1165, 1174 [199 Cal.Rptr. 246]; see also *Huang v. Cheng* (1998) 66 Cal.App.4th 1230, 1234 [78 Cal.Rptr.2d 550] [MFAA's "purpose and policy . . . are to ensure the fair resolution of attorney fee disputes"].)

■ Accordingly, the MFAA was enacted to require, at the option of the client, that the attorney arbitrate any fee dispute. Absent the client's written agreement, arbitration of fee disputes "shall be voluntary for a client and shall be mandatory for an attorney if commenced by a client." (§ 6200, subd. (c); see also *Aguilar v. Lerner, supra,* 32 Cal.4th at p. 981.) "In order to ensure that the client is made aware of its arbitration rights, the MFAA [(§ 6201, subd. (a))] requires that the attorney give the client written notice of its right to arbitration at or before the time the attorney brings suit or other proceeding to collect on unpaid fees or costs." (*Law Offices of Dixon R. Howell v. Valley* (2005) 129 Cal.App.4th 1076, 1087 [29 Cal.Rptr.3d 499].) If the attorney fails to comply with this notice requirement and initiates an action or proceeding for fees, the client may elect to stay the action by requesting arbitration before answering. (§ 6201, subds. (b), (c).)

■ It is presumed under the MFAA that the arbitration award will be nonbinding. "The arbitration will be binding . . . only if the attorney and client so agree in writing after the dispute has arisen. Otherwise, either party may request a trial de novo within 30 days after the arbitration has concluded." (*Schatz v. Allen Matkins Leck Gamble & Mallory LLP* (2009) 45 Cal.4th 557, 561 [87 Cal.Rptr.3d 700, 198 P.3d 1109] (*Schatz*); see also *id.* at p. 572; § 6204, subd. (a) ["parties may agree in writing to be bound by the award of arbitrators appointed pursuant to this article at any time after the dispute . . . has arisen"].)

Either the attorney or client may have a trial de novo of the dispute if the dissatisfied party, within 30 days after service of the arbitration award, files a rejection and request for trial in the pending action (§ 6204, subd. (b)), or, if no action is pending, files a rejection and trial request by initiating an action (§ 6204, subd. (c); hereafter section 6204(c)). (See also *Fagelbaum & Heller LLP v. Smylie* (2009) 174 Cal.App.4th 1351, 1361 [95 Cal.Rptr.3d 252].) Absent the filing of a timely rejection and request for trial, the arbitration award becomes final. (§ 6203, subd. (b).)[6] Once the award has become final, it cannot be vacated by the filing of a motion for relief from default under Code of Civil Procedure section 473. (*Maynard v. Brandon* (2005) 36 Cal.4th 364 [30 Cal.Rptr.3d 558, 114 P.3d 795].)

## B. *Discussion of Claim of Error*

### 1. *Contentions*

The parties agree that section 6204(c) is the statute governing Crowley's rejection of the Award and request for trial de novo.[7] That statute reads as follows: "If no action is pending, the trial after arbitration shall be initiated by the commencement of an action *in the court having jurisdiction over the amount of money in controversy* within 30 days after service of notice of the award. After the filing of such an action, the action shall proceed in accordance with the provisions of Part 2 (commencing with Section 307) of the Code of Civil Procedure, concerning civil actions generally." (Italics added.) Giorgianni's central position is that Crowley's purported rejection of the Award was legally ineffective because it was filed in the wrong court, i.e., small claims court. The issue on appeal therefore is the proper definition of the phrase "the court having jurisdiction over the amount of money in controversy" in section 6204(c).

Crowley contends that the fee dispute that was the subject of his small claims action was his claim against Giorgianni for approximately $11,000 in attorney fees. He filed his claim, including a de novo request, in small claims court, seeking $5,000, waiving any fees in excess of that amount. He contends therefore that he complied with section 6204(c), because "the amount of money in controversy" was $5,000, which was within the jurisdictional limit of the small claims court.

---

[6] Section 6203, subdivision (b), reads in part: "Even if the parties to the arbitration have not agreed in writing to be bound, the arbitration award shall become binding upon the passage of 30 days after service of notice of the award, unless a party has, within the 30 days, sought a trial after arbitration pursuant to Section 6204. . . ."

[7] Notwithstanding a seemingly contrary statement by Giorgianni's counsel in oral argument, respondent's brief contains the assertion that section 6204(c) "is relevant in this case."

Giorgianni responds that Crowley's purported de novo request was legally ineffective under section 6204(c), because it was not "initiated in the court having jurisdiction over the amount [in] controversy in the fee arbitration."[8] She claims that "the amount in controversy [was] $40,000.00 [(i.e., the amount she claimed in the arbitration)] and [fell] within the purview of the unlimited jurisdiction of the Superior Court." In the same breath, Giorgianni argues that because the amount of the Award was $29,713.96, the matter was subject to unlimited superior court jurisdiction, presumably because "the amount of money in controversy" under section 6204(c) was $29,713.96, well over the $5,000 jurisdictional limit of the small claims court. She argues further that Crowley filed in the wrong court because under the Code of Civil Procedure, a dissatisfied party in an MFAA proceeding may seek a trial de novo by filing a rejection in small claims court only if the "fee dispute involv[es] no more than five thousand dollars ($5,000) in controversy" (Code Civ. Proc., § 116.220, subd. (a)(4)), a circumstance she claims was not present here.[9]

## 2. *Rules of statutory interpretation*

■ Our resolution of this appeal is dependent on construing the phrase "amount of money in controversy" in section 6204(c). In cases of statutory interpretation, "where the language is clear, its plain meaning should be followed. [Citation.]" (*Great Lakes Properties, Inc. v. City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) We will "give effect to statutes 'according to the usual, ordinary import of the language employed in framing them . . .' [citations]" (*Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224] (*Moyer*)) and "will apply common sense to the language at hand and interpret the statute to make it workable and reasonable. [Citation.]" (*Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1122 [29 Cal.Rptr.3d 262, 112 P.3d 647].) Where the language of the statute is clear and unambiguous, we need not look to the Legislature's intent; however, we are not precluded

---

[8] The flaw in Giorgianni's analysis is the insertion of the phrase ". . . in the fee arbitration" in her argument as quoted above. As we discuss *post*, the MFAA provisions concerning rejection of an award do not refer to the amount claimed or awarded in the fee arbitration; there is thus no support for the position that a dissatisfied party must file a new action rejecting an MFAA arbitration award in the court with jurisdiction over the award amount or the amount claimed in the superseded arbitration.

[9] "The small claims court has jurisdiction in the following actions: [¶] . . . [¶] (4) To confirm, correct, or vacate a fee arbitration award not exceeding five thousand dollars ($5,000) between an attorney and client that is binding or has become binding, or to conduct a hearing de novo between an attorney and client after nonbinding arbitration of a fee dispute involving no more than five thousand dollars ($5,000) in controversy, pursuant to Article 13 (commencing with Section 6200) of Chapter 4 of Division 3 of the Business and Professions Code." (Code Civ. Proc., § 116.220, subd. (a)(4).)

by this " 'plain meaning' rule" from ascertaining whether a literal interpretation of the statute is consistent with its purpose. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]; see also *Moyer*, at p. 230 [court should discern legislative intent " 'so as to effectuate the purpose of the law' "].)

The legislative intent of a statute may be revealed from a review of "[b]oth the legislative history of the statute and the wider historical circumstances of its enactment." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323] (*Dyna-Med, Inc.*).) "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.]" (*Ibid.*) And in cases where the meaning of the statutory language is uncertain, the court " 'may also consider the consequences of a particular interpretation, including its impact on public policy.' [Citation.]" (*Schatz, supra*, 45 Cal.4th at p. 571.) And "the statute should be interpreted to avoid an absurd result. [Citations.]" (*Wasatch Property Management v. Degrate, supra*, 35 Cal.4th at p. 1122.)

In this instance, the MFAA does not define "amount of money in controversy" in section 6204(c). Similarly, the Code of Civil Procedure does not define the term "in controversy" for purposes of determining when a party may reject a nonbinding MFAA arbitration award by filing a limited civil case (Code Civ. Proc., § 86, subd. (a)(7)(B)), or an action in small claims court (Code Civ. Proc., § 116.220, subd. (a)(4)). The "in controversy" language relevant for rejecting an MFAA arbitration award is not so "clear and unambiguous [that] there is no need for construction, [or] . . . to resort to indicia of the intent of the Legislature . . . ." (*Lungren v. Deukmejian, supra*, 45 Cal.3d at p. 735.) But we are aware of no legislative history—and the parties have cited none—that assists us in construing the language of section 6204(c). Accordingly, we will apply relevant principles of statutory interpretation to address (1) Giorgianni's claim that section 6204(c) should be interpreted to require the party initiating the action to base subject matter jurisdiction on the amount of the arbitration award; (2) Giorgianni's alternative position that such filing should be made in the court with jurisdiction over the amount demanded by the party in the MFAA arbitration; and, after rejecting both of Giorgianni's contentions, (3) ascertaining the proper meaning of "amount of money in controversy" in section 6204(c) to determine whether Crowley filed the request for trial in the proper court.

### 3. *Arbitration award does not define "amount . . . in controversy"*

We address Giorgianni's assertion that Crowley filed in the wrong court because the "amount of money in controversy" under section 6204(c) is determined by the amount of the arbitration award, which, here, was well over the jurisdictional ceiling of the small claims court. We reject this contention.

■ The MFAA employs two distinct phrases with respect to postaward filings in instances in which no action is pending. Under section 6203, subdivision (b), a party seeking to confirm, correct, or vacate the award may do so by filing a petition in "the court having jurisdiction over the amount of the arbitration award." Clearly, this fixes subject matter jurisdiction by the amount of the award. In contrast, under section 6204(c), a dissatisfied party seeking to reject the award must file within 30 days of service of the award "an action in the court having jurisdiction over the amount of money in controversy." Similarly, The Small Claims Act (Code Civ. Proc., § 116.110 et seq.) makes a distinction as to the jurisdictional grounds a party may assert for filing an action in small claims court after MFAA arbitration. A party may file a petition to confirm, correct, or vacate an MFAA arbitration award in small claims court if the award is one that does "not exceed[] five thousand dollars" (Code Civ. Proc., § 116.220, subd. (a)(4)), while a party seeking to reject an award may do so in small claims court when the "fee dispute involve[es] no more than five thousand dollars ($5,000) in controversy" (*ibid.*). (See also Code Civ. Proc., § 86, subd. (a)(10)(B) [specifying limited civil case jurisdiction for petitions to confirm, correct, or vacate MFAA award "where the arbitration award is twenty-five thousand dollars ($25,000) or less"]; cf. Code Civ. Proc., § 86, subd. (a)(7)(B) [declaratory relief action as a limited civil case proper "[t]o conduct a trial after nonbinding [MFAA] fee arbitration . . . where the amount in controversy is twenty-five thousand dollars . . . or less"].)

■ Thus, when the Legislature wishes to define subject matter jurisdiction by reference to the amount of the MFAA arbitration award, it does so unambiguously. (See § 6203, subd. (b); Code Civ. Proc., §§ 86, subd. (a)(10)(B), 116.220, subd. (a)(4).) Plainly, the language "amount of money in controversy" in section 6204(c) cannot be reasonably construed as basing jurisdiction on the amount of the nonbinding MFAA arbitration award. (Cf. *Dyna-Med, Inc., supra*, 43 Cal.3d at p. 1395 [rejecting construction of statute as authorizing Fair Employment and Housing Com. to award punitive damages, where review of other statutes disclosed that "when the Legislature intends to authorize an agency to award damages for discrimination, it does so expressly . . ."].)

Moreover, in certain instances, such a construction would have the effect of restricting the amount that could be claimed after the rejection of an MFAA arbitration award. For instance, if an attorney made a claim in the arbitration for fees—or, conversely, if a client made a claim for refund of fees already paid—of $40,000, but was awarded only $10,000, he or she would be forced to file the de novo request as a limited action if the "amount of money in controversy" language in section 6204(c) were construed as meaning the amount of the arbitration award. The attorney or client rejecting the arbitration award would therefore be precluded from asserting the full amount of his or her claim. This circumstance flies in the face of the notion that an arbitration award under the MFAA is nonbinding if a dissatisfied party timely rejects it; were Giorgianni's interpretation accepted, the award would effectively place an unwarranted ceiling on the amount of the claim de novo.

> 4. *Arbitration claim does not define "amount . . . in controversy"*

Giorgianni argues alternatively that the "amount of money in controversy" under section 6204(c) is determined by the amount claimed by her in the MFAA arbitration. Under this theory, Crowley filed his rejection of the Award in the wrong court because Giorgianni's arbitration claim was for approximately $40,000. We reject this position as well.

There is nothing in the MFAA that suggests that a party, in rejecting a nonbinding arbitration award where no action is pending, must refer to the amount that had been claimed by any party in the arbitration itself in determining the court having jurisdiction over the de novo request. Indeed, there is no reference at all in the MFAA to the amounts claimed in the arbitration process. As noted, an award rendered after MFAA arbitration is nonbinding. (*Schatz, supra*, 45 Cal.4th at p. 561.) Accordingly, one dissatisfied with an award "is entitled to a trial" and if the party rejects the award, "the case may, following MFAA arbitration, proceed by normal means." (*Id.* at p. 572; see also *Aguilar v. Lerner, supra*, 32 Cal.4th at p. 991 (conc. opn. of Chin, J.) [if arbitration "is held but does not resolve the dispute, then the MFAA has played its role, and the matter would continue without it"]; *Liska v. The Arns Law Firm* (2004) 117 Cal.App.4th 275, 283 [12 Cal.Rptr.3d 21] ["either party may reject the arbitration award and proceed with litigation"].) Consistently with these principles, unless either the parties stipulate that the MFAA award will be binding or no party timely rejects the award, "the award and determinations of the arbitrators shall not be admissible nor operate as collateral estoppel or res judicata in any action or proceeding." (§ 6204, subd. (e).) Thus, where an MFAA arbitration award is timely rejected, "trial after arbitration is conducted de novo, essentially as if no arbitration had occurred." (*Maynard v. Brandon, supra*, 36 Cal.4th at p. 373; see also *id.* at

p. 374.) Reference to arbitration claims in determining the proper court with jurisdiction to decide the dispute appears to be antithetical to the notion that rejection of a nonbinding award results in the matter proceeding as if no arbitration had occurred.

Using the amount demanded in arbitration as the jurisdictional basis for a new action to reject an MFAA arbitration award would also promote uncertainty in cases where attorney and client have cross-demands for monetary relief. If section 6204(c)'s "amount of money in controversy" language were construed as the amount demanded in arbitration, where the cross-demands, such as is the case here, involved the jurisdiction of different courts—i.e., the amount of one demand would constitute an unlimited civil case, while the other demand a limited civil case—which demand would control? The possibilities would include the amount of the arbitration demand (1) by the party rejecting the arbitration award, (2) by the party not rejecting the award, or (3) that was the larger. The preservation of the right to reject a nonbinding MFAA award should not be the subject of such guesswork.

 We also consider two statutory schemes outside of the MFAA. (See *People v. Woodhead* (1987) 43 Cal.3d 1002, 1008 [239 Cal.Rptr. 656, 741 P.2d 154] [courts may be aided in interpreting ambiguous statutory language by referring to other statutes applying similar or analogous subjects]; see also *Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 362 [127 Cal.Rptr.2d 516, 58 P.3d 367] [court considers statutory language of settlement offer and judicial arbitration statutes in construing language requiring assessment of fees and costs under Lab. Code, § 98.2, subd. (c), against unsuccessful party].) In the context of judicial arbitration (Code Civ. Proc., § 1141.10 et seq.), a party electing to have a trial de novo by making a timely demand under the statute (Code Civ. Proc., § 1141.20, subd. (b)) wipes the judicial arbitration slate clean. "[A] timely request for trial de novo operates to vacate the arbitration award in its entirety, putting the case at large as though no arbitration proceedings had occurred." (*Southern Pacific Transportation Co. v. Mendez Trucking, Inc.* (1998) 66 Cal.App.4th 691, 695 [78 Cal.Rptr.2d 236]; see also *Lewco Iron Metals, Inc. v. Superior Court* (1999) 76 Cal.App.4th 837, 841–842 [90 Cal.Rptr.2d 671]; Cal. Rules of Court, rule 3.826(c).) Similarly, after California's Labor Commissioner renders an order, decision, or award on an employee's wage claim, a dissatisfied party may within 10 days "seek review by filing an appeal to the superior court, where the appeal shall be heard de novo." (Lab. Code, § 98.2, subd. (a).) "Although denoted an 'appeal,' unlike a conventional appeal in a civil action, hearing under the Labor Code is de novo. [Citation.] ' "A hearing *de novo* [under Labor Code section 98.2] literally means a new hearing," that is, a new trial.' [Citation.] The decision of the commissioner is 'entitled to no weight whatsoever, and the proceedings are truly "a trial anew in the fullest sense." ' [Citation.]" (*Post v. Palo/Haklar & Associates* (2000) 23 Cal.4th 942, 947–948 [98

Cal.Rptr.2d 671, 4 P.3d 928]; see also *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1116 [56 Cal.Rptr.3d 880, 155 P.3d 284].)

▮ Further, reference to a demand made in MFAA arbitration to determine a court's jurisdiction over subsequent proceedings after the award is rejected is inconsistent with the understanding of a trial de novo generally. "A hearing *de novo* literally means a new hearing, or a hearing the second time. [Citation.] Such a hearing contemplates an entire trial of the controversial matter in the same manner in which the same was originally heard. It is in no sense a review of the hearing previously held, but is a complete trial of the controversy, the same as if no previous hearing had ever been held. . . . A hearing *de novo* therefore is nothing more nor less than a trial of the controverted matter by the court in which it is held. The decision therein is binding upon the parties thereto and takes the place of and completely nullifies the former determination of the matter. It is in a sense and is in fact a trial of the controversy in a court of law." (*Collier & Wallis, Ltd. v. Astor* (1937) 9 Cal.2d 202, 205 [70 P.2d 171]; see also Black's Law Dict. (9th ed. 2009) p. 1645, col. 1 [*"trial de novo* . . . A new trial on the entire case—that is, on both questions of fact and issues of law—conducted as if there had been no trial in the first instance."].)

▮ Thus, use of a prior demand in the superseded arbitration as "the amount of money in controversy" to establish the court's jurisdiction for a de novo request under the MFAA is not consonant with (1) the MFAA; (2) the notion that a proper rejection of an MFAA award results in a trial as if the nonbinding arbitration never happened; (3) common sense, because where there have been arbitration cross-demands, there is the potential for uncertainty as to which demand will control in the filing of the rejection of the award; (4) the principle under other nonbinding arbitration statutes (e.g., judicial arbitration) that proper rejection of the award results in a trial as if the arbitration did not occur; or (5) the understanding of de novo trials generally. We therefore reject Giorgianni's interpretation of "the amount of money in controversy" language in section 6204(c) as requiring that a de novo request by initiation of a new action be based upon the amount previously demanded in the arbitration.

> 5. *"Amount . . . in controversy" determined by plaintiff's claim*

We have concluded that a party rejecting an MFAA arbitration award by filing a new action under section 6204(c) need not determine the court with proper jurisdiction to decide the controversy by reference to the amount of the award or the amount demanded in the arbitration. It remains for us to decide what *does* "amount of money in controversy" mean in this context.

As noted above, neither the MFAA nor The Small Claims Act defines the term "in controversy" as used in section 6204(c) and in Code of Civil Procedure section 116.220, subdivision (a)(4), respectively. But generally, the amount of the demand in the complaint is "[t]he decisive factor" in determining whether the court in which the action is filed has subject matter jurisdiction. (*People v. Argonaut Ins. Co.* (1977) 71 Cal.App.3d 994, 996 [139 Cal.Rptr. 795]; see also *Minor v. Municipal Court* (1990) 219 Cal.App.3d 1541, 1547 [268 Cal.Rptr. 919].) As one court, quoting from an older decision of our high court, explained: " 'Ordinarily the relief claimed when the action is instituted determines the jurisdiction of the court over the subject matter for the entire proceeding. [Citations.]' " (*Davis v. Superior Court* (1972) 25 Cal.App.3d 596, 599 [102 Cal.Rptr. 238]; quoting *Sellery v. Ward* (1942) 21 Cal.2d 300, 304–305 [131 P.2d 550].)

The Legislature has intended that the small claims court be available "to resolve minor civil disputes expeditiously, inexpensively, and fairly . . . ." (Code Civ. Proc., § 116.120, subd. (b).) That phrase, "minor civil disputes," "refers to the financial value of the claim to the individual plaintiff." (*City and County of San Francisco v. Small Claims Court* (1983) 141 Cal.App.3d 470, 474 [190 Cal.Rptr. 340] [construing Code Civ. Proc., former § 116.1, the predecessor statute to Code Civ. Proc., § 116.120].)

We note further that in part 1, title 1, chapter 5.1 of the Code of Civil Procedure (the chapter that precedes The Small Claims Act), the statute establishing jurisdiction for limited civil cases includes the condition that "[t]he amount in controversy . . . not exceed twenty-five thousand dollars ($25,000). As used in this section, 'amount in controversy' means the amount of the demand, or the recovery sought, or the value of the property, or the amount of the lien, that is in controversy in the action, exclusive of attorneys' fees, interest, and costs." (Code Civ. Proc., § 85, subd. (a).) Thus, the jurisdictional propriety of filing an action as a limited civil case is determined by reference to the plaintiff's demand or the amount of recovery he or she seeks. (See *Ytuarte v. Superior Court* (2005) 129 Cal.App.4th 266, 274 [28 Cal.Rptr.3d 474] [whether case qualifies as limited civil action determined initially by prayer or demand in plaintiff's complaint].)

For these reasons, in this case, we construe "amount of money in controversy" as provided in section 6204(c) to mean the amount of demand or recovery sought by the plaintiff filing the rejection of the MFAA arbitration award. This interpretation of section 6204(c) "give[s] effect to statutes 'according to the usual, ordinary import of the language employed in framing them' " (*Moyer, supra,* 10 Cal.3d at p. 230), and "make[s] the MFAA] workable and reasonable" (*Wasatch Property Management v. Degrate, supra,* 35 Cal.4th at p. 1122). It also harmonizes the provisions of the MFAA—

specifically, the different jurisdictional language appearing in section 6203, subdivision (b) and section 6204(c)—by treating the jurisdictional component when a party initiates an action to confirm, correct, or vacate an award differently than when a party rejects an award by initiating a new action.

Our conclusion is consistent with the statutory purpose of providing a speedy and economical procedure for resolving attorney-client fee disputes (*Aguilar v. Lerner, supra,* 32 Cal.4th at p. 983), while at the same time preserving the rights of both parties to judicial resolution of such disputes by making MFAA arbitration awards nonbinding unless the parties stipulate in writing to it being binding (§ 6204, subd. (a)) or they both fail to timely reject the award (§ 6203, subd. (b)). (See *Schatz, supra,* 45 Cal.4th at pp. 561, 572 [MFAA award presumed to be nonbinding].) And in concluding that section 6204(c)'s "in controversy" language should be construed by reference to the amount of the claim of the dissatisfied party filing the de novo request, we are also mindful of the potential " 'consequences of [this] particular interpretation . . . on public policy.' [Citation.]" (*Schatz, supra,* 45 Cal.4th at p. 571.) Our construction of the statute promotes the resolution of fee disputes on their merits; a contrary interpretation here might preclude an attorney or client from exercising a statutory right to reject a nonbinding MFAA arbitration award by rendering as a nullity an otherwise timely de novo request that facially appears to have been filed in the proper court based upon the amount of that party's claim.

### 6. *Conclusion*

We apply our construction of section 6204(c) to the case before us. The amount claimed by Crowley in the small claims action was an amount "not to exceed $5,000" for "[u]npaid fees for services and costs expended." He confirmed this amount in controversy in the form attached to the complaint. The "prayer [of the complaint] determines the amount in controversy [citation]." (*Minor v. Municipal Court, supra,* 219 Cal.App.3d at p. 1547.) The small claims court therefore had subject matter jurisdiction over Crowley's de novo request pursuant to section 6204(c) and Code of Civil Procedure section 116.220, subdivision (a)(4), respectively, since "the amount of money in controversy" and the "fee dispute involve[ed] no more than five thousand dollars . . . in controversy." Although not part of the complaint, to the extent that Crowley's claim against Giorgianni for fees and costs exceeded $5,000—as the claim in arbitration was approximately $11,000—any "lack of jurisdiction . . . due solely to an excess in the amount of the demand" is not fatal because "the excess may be waived . . . ." (Code Civ. Proc., § 116.220, subd. (d); see also *Jellinek v. Superior Court* (1991) 228 Cal.App.3d 652 [279 Cal.Rptr. 6] ["plaintiff intentionally waives excess damages over the small claims court jurisdictional limit when she chooses to file her case in the small claims court"].)

Moreover, Giorgianni is in no way prejudiced by Crowley's decision to file the de novo request in small claims court and waive any excess damages. She may preserve her affirmative cross-claim against Crowley to recover fees she previously paid him by bringing her own claim against Crowley by filing an action in superior court—presumably as an unlimited civil case, given the amount of her claim in arbitration—and requesting that Crowley's small claims action be transferred to the court in which she files the action. (See Code Civ. Proc., § 116.390, subd. (a); see also Code Civ. Proc., § 403.030 [party to limited civil case filing cross-complaint in excess of jurisdiction of limited civil case must designate on pleading that "action or proceeding is a limited civil case to be reclassified by cross-complaint"].)[10]

Our conclusion here takes into consideration a key component of the MFAA, namely, that a party dissatisfied with the arbitration award must make a timely and unequivocal rejection of it by filing a de novo request in the pending action (§ 6204, subd. (b)), or if no action is pending, by initiating a new action (§ 6204(c)). Crowley made such a timely and unequivocal rejection of the award here. (Cf. *Shiver, McGrane & Martin v. Littell* (1990) 217 Cal.App.3d 1041, 1045 [266 Cal.Rptr. 298] [holding that clients had not complied with MFAA by timely rejection of award through filing within 30 days of malpractice suit that made no mention of MFAA arbitration hearing and did not notify attorneys that clients were challenging award].) Where no timely request for trial is made, the parties thereby "may be presumed to have acquiesced in the result reached through arbitration". (*Maynard v. Brandon, supra,* 36 Cal.4th at p. 376); no such acquiescence on Crowley's part may be presumed here.

Further, our conclusion is consistent with general principles of jurisdiction applicable as a result of the unification of our trial courts. As a result of a 1988 primary election, the California voters enacted Proposition 220 under which it became permissible for municipal and superior courts to become unified and which authorized a state Constitution amendment reflecting the modification of the jurisdiction of trial and appellate courts. (Cal. Const., art. VI, §§ 10, 11.) " 'On unification of the trial courts in a county, all causes will be within the original jurisdiction of the superior court. . . . In a county in which the courts have unified, the superior court has original jurisdiction of limited civil cases, but these cases are governed by economic litigation procedures, local appeal, filing fees, and the other procedural distinctions that characterize these cases in a municipal court.' [Citations.]" (*Snukal v.*

---

[10] "If a defendant has a claim against a plaintiff that exceeds the jurisdictional limits stated in [Code of Civil Procedure] Sections 116.220, 116.221, and 116.231, and the claim relates to the contract, transaction, matter, or event which is the subject of the plaintiff's claim, the defendant may commence an action against the plaintiff in a court of competent jurisdiction and request the small claims court to transfer the small claims action to that court." (Code Civ. Proc., § 116.390, subd. (a).)

*Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 763, fn. 2 [98 Cal.Rptr.2d 1, 3 P.3d 286], quoting 28 Cal. Law Revision Com. Rep. (1998) pp. 64–65.) Thus, irrespective of the filing of Crowley's complaint in the small claims division of the superior court, it is the superior court that had original jurisdiction over the case. (*Snukal*, at p. 763, fn. 2.) As a matter pending in small claims court, it is subject to possible efforts by Giorgianni to reclassify the case, for example, as an unlimited civil case if she asserts a related affirmative claim against Crowley for an amount in excess of $25,000. (See Code Civ. Proc., §§ 86, subd. (a), 116.390, subd. (a); cf. *Pajaro Valley Water Management Agency v. McGrath* (2005) 128 Cal.App.4th 1093, 1102–1103 [27 Cal.Rptr.3d 741] [case in municipal court at time of reunification became one pending before superior court, a court of general jurisdiction; issues tendered by defendant's answer potentially changing matter to unlimited civil case created basis for reclassification of matter from limited to unlimited case in same court, rather than transfer to different court].) "Reclassification does *not* affect the court's jurisdiction or any prior proceedings in the action. The action is deemed commenced when the complaint was initially filed, not at the time of reclassification. [Citation.]" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2011) ¶ 3:122.6, p. 3-29 (rev. # 1, 2011), citing Code Civ. Proc., § 403.070.)

■ As a further point, Giorgianni argues in one sentence, without citation to authority or to the record, that Crowley's de novo request was ineffective because he never served it on her. We observe that the only indication in the record on this issue appears in the unsworn reply memorandum filed by Giorgianni below, wherein her counsel asserted that "[Giorgianni] has never been served with the small claims action." There is nothing in the record as to whether Giorgianni or her counsel, any lack of service notwithstanding, became aware of the filing of the small claims action in the month and one-half that elapsed between the filing of the small claims action and the filing of the petition to confirm. In any event, we summarily reject Giorgianni's contention because she has failed to develop it in any meaningful way. (*Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 [127 Cal.Rptr.2d 917] [appellate courts "need not consider an argument for which no authority is furnished"].) The argument in any event lacks merit. Both section 6204(c) and 6204, subdivision (b) require that the dissatisfied party file the de novo request within 30 days of service of the award; neither provision states that the request must also be served within the 30-day time period. Although a plaintiff's prolonged failure to serve a lawsuit may ultimately result in its dismissal by the court (see Code Civ. Proc., § 583.210, subd. (a)), and the involuntary dismissal of an action rejecting an MFAA arbitration award may result in the effective repudiation of the de novo request and reinstatement of the award (*Perez v. Grajales, supra,* 169 Cal.App.4th at pp. 601–605), those circumstances are not presented in this appeal.

As a final note, we observe that there may be instances—namely, where the dissatisfied party does not seek a monetary recovery from his or her opponent—in which determining the proper court to file a new action rejecting the MFAA arbitration award may not be made by reference to the amount of the rejecting party's prayer or demand. Since such a case is not before us, we do not decide here the appropriate basis for jurisdiction under those circumstances.

 We find that Crowley made a timely and proper request for trial de novo under section 6204(c). Therefore, the trial court erred in confirming the Award rendered in favor of Giorgianni.[11]

## DISPOSITION

The judgment entered on the order confirming the arbitration award is reversed and the matter is remanded to the trial court with instructions to enter an order denying the petition to confirm the award. In the interests of justice, each party shall bear his and her respective costs on appeal.

Bamattre-Manoukian, Acting P. J., and Mihara, J., concurred.

---

[11] Crowley makes the additional arguments that the court erred because (1) the small claims court had jurisdiction in the first instance to decide whether it had jurisdiction over his de novo request, and (2) even if his rejection of the Award was filed in the wrong court, the proper approach would have been to transfer the case to the proper court rather than treat his de novo request as a legal nullity. We need not address these issues since we have concluded that Crowley's de novo request was proper.