Filed 8/19/14  Currie v. U.S. Bank Nat. Assn. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MANEVA A. CURRIE, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION et al., <br><br> Defendants and Respondents. | B249584 <br><br> (Los Angeles County Super. Ct. No. SC117168) |

APPEAL from the orders of the Superior Court of Los Angeles, Richard A. Stone, Judge.  Affirmed.

Maneva A. Currie, in pro. per., for Plaintiff and Appellant.

Parker · Stanbury and John D. Barrett, Jr., for Defendants and Respondents Pre-Paid Legal Services, Inc., Parker · Stanbury LLP, and Mathew May.

Wright, Finlay & Zak, T. Robert Finlay, Jonathan D. Fink, Peter M. Watson, for Defendants and Respondents U.S. Bank National Association, One West Bank, and Robert J. Jackson & Associates, Inc.

Thomas N. Thrasher, Jr.; Wilson, Elser, Moskowitz, Edelman, & Dickerman, Martin K. Deniston, for Defendant and Respondent Coldwell Banker Residential Brokerage Company.

_____

Plaintiff Maneva A. Currie filed the operative first amended complaint (FAC) against various parties alleging a total of 14 causes of action in connection with the foreclosure of property.  Currie appeals from the June 13, 2013 order denying her motion to reinstate defaults against defendants Pre-Paid Legal Services, Inc., Parker · Stanbury LLP, Mathew May, U.S. Bank National Association, One West Bank, and Robert J. Jackson & Associates, Inc.  Currie also appeals from the June 20, 2013 order granting the motion for judgment on the pleadings of defendant Coldwell Banker Residential Brokerage Company (Coldwell Banker).

We dismiss Currie's appeal from the order denying her motion to reinstate defaults against defendants Pre-Paid Legal Services, Inc., Parker · Stanbury LLP, Mathew May, U.S. Bank National Association, One West Bank, and Robert J. Jackson & Associates, Inc.  "The right to appeal in a civil case is conferred exclusively by statute.  (*Powers v. City of Richmond* (1995) 10 Cal.4th 85, 109.)  In the absence of a statute authorizing an appeal, we lack jurisdiction to review a case even by consent, waiver, or estoppel.  (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1434.)"  (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1083.)  An appeal from the denial of a motion to reinstate a default is not listed as an appealable order in Code of Civil Procedure section 904.1.  Appellate jurisdiction does not lie, and the appeal as to these defendants must be dismissed.

We turn next to Currie's appeal of the order granting Coldwell Banker's motion for judgment on the pleadings.  We affirm the order.

The pleading portion of Currie's FAC is 92 pages long.  The FAC is supported by an additional 188 pages of attachments.  Currie's opening brief does not set forth the allegations in the FAC against Coldwell Banker.  The brief makes no mention of the basis for the motion for judgment on the pleadings.  Currie does not acknowledge that she did not file written opposition to the motion, nor does her brief indicate why the court's ruling is error.  The only mention Currie makes of Coldwell Banker in the argument section of her opening brief is that Coldwell Banker is "responsible for removing Appellant's personal belongings from her residence without lawful documentation, and refusing to make Appellant's personal belongings available to her."

2

An appellant brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(c); see *Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361, 1379.) While we review a motion for judgment on the pleadings de novo (*Rice v. Center Point, Inc.* (2007) 154 Cal.App.4th 949, 954), this standard of review "'"does not obligate us to cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues. As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority. In other words, review is limited to issues which have been adequately raised and briefed." [Citation.]' (*Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230.)" (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.)

Currie makes no meaningful attempt on appeal to demonstrate error or prejudice. (*Giorgianni v. Crowley* (2011) 197 Cal.App.4th 1462, 1483; see *Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 [appellate courts "need not consider an argument for which no authority is furnished"].) We reject Currie's conclusory allegation that judgment on the pleadings was improperly granted. (Cal. Const., art. VI, § 13.)

## DISPOSITION

The appeal from the order denying the motion to reinstate defaults is dismissed. The order granting judgment on the pleadings is affirmed. Costs on appeal are awarded to Pre-Paid Legal Services, Inc., Parker · Stanbury LLP, Mathew May, U.S. Bank National Association, One West Bank, Robert J. Jackson & Associates, Inc., and Coldwell Banker Residential Brokerage Company.


KRIEGLER, J.

We concur:


MOSK, Acting P. J.


MINK. J. *

---

* Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4