Filed 4/11/25  Rossi, Hamerslough, Reischl & Chuck v. Shah CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ROSSI, HAMERSLOUGH, REISCHL & CHUCK,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DIPALI SHAH,<br><br>    Defendant and Appellant. | H051614<br>(Santa Clara County<br> Super. Ct. No. 23CV412053) |

DiPali Shah, representing herself, appeals from a judgment entered following an order granting a petition, filed by her former counsel Rossi, Hamerslough, Reischl & Chuck (Rossi), to confirm an attorney fee arbitration award issued by a panel of the Santa Clara County Bar Association (SCCBA).  Shah also challenges the trial court's denial of her motion for "new trial."  Rossi, in turn, contends Shah's appeal is frivolous and moves for sanctions against her.

For the reasons explained below, we affirm the judgment and deny the motion for sanctions.

# I. FACTS AND PROCEDURAL BACKGROUND[1]

## A. *Facts*

In January 2019, Shah retained Rossi to represent her in a dispute, *Talkad et al. v. Shah et al.* (San Francisco County Super. Court Case No. CGC-18-563635) (*Talkad* case), arising out of the sale of property in San Francisco. Shah and Rossi entered into an attorney-client fee agreement (agreement). The agreement contained a binding arbitration provision, which included language allowing the parties to elect to pursue arbitration pursuant to the Mandatory Fee Arbitration Act (MFAA) for any dispute over legal fees, charges, costs, or expenses.

In relevant part, the agreement states: "in a dispute subject to the jurisdiction of the State of California over legal fees, charges, costs or expenses, client has the right to elect arbitration pursuant to the fee-arbitration procedures of the State Bar of California, as set forth in California Business and Professions Code §[ ]6200 (the Mandatory Fee Arbitration Act [MFAA]). [¶] Those procedures permit a trial after MFAA arbitration, unless the parties agree in writing, after the dispute has arisen, to be bound by the arbitration award. [¶] If, after receiving a notice of client's right to arbitrate, you do not timely elect to proceed under the State Bar fee-arbitration procedures, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration as provided in the previous paragraph. If client files suit in a civil court, this will operate as a waiver of the client's right to request MFAA fee arbitration." (Some capitalization omitted.)

A dispute arose in the *Talkad* case between Rossi and Shah over Rossi's fees and Shah's failure to pay invoiced amounts. Rossi withdrew as Shah's counsel on or about

---

[1] We take these facts from the parties' filings submitted in the trial court in connection with Rossi's petition and Shah's motions for new trial, reconsideration, and to set aside judgment. "We recite the essential relevant facts 'in the manner most favorable to the judgment, resolving all conflicts and drawing all inferences in favor of respondent.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1233, fn. 2 (*Nwosu*); *Haydon v. Elegance at Dublin* (2023) 97 Cal.App.5th 1280, 1287.)

June 17, 2020.  After retaining new counsel, Shah obtained a verdict in her favor and requested $450,000 in attorney fees.  Shah executed a declaration in support of her application for attorney fees in which she declared that the attorney fees Rossi had billed her were reasonable and necessary.  The trial court in the *Talkad* case awarded Shah the full amount requested, though Shah's counsel later represented to the SCCBA arbitration panel that the attorney fee award was ultimately "negotiated down to approximately $395,000."

An April 18, 2022 invoice from Rossi to Shah covering charges for professional services and costs in the *Talkad* case between January 22, 2019, and February 4, 2022, indicated that Rossi billed Shah $239,905.50 for professional services and $38,410.19 for additional charges for litigation costs, totaling $278,315.69.[2]  The April 18, 2022 invoice indicates that in total, Rossi had invoiced Shah $312,064.95, Shah had paid Rossi $112,000, and the balance due was $200,064.95.

As of the date of the judgment from which this appeal arises, Shah had not paid Rossi the outstanding balance.

B.  *Procedural Background*

1.  SCCBA and JAMS Arbitration

On August 4, 2020, Rossi served Shah with a notice of client's right to arbitration. The notice stated that no lawsuit or arbitration proceeding had yet been filed and advised that SCCBA was available to arbitrate the dispute.

In September 2020, Shah submitted to the SCCBA a request for fee arbitration/mediation but apparently took no further action on the request.  That same month, Shah's counsel contacted Rossi to discuss Shah's claims that Rossi had committed malpractice in representing her in the *Talkad* case.  On February 18, 2022, Shah submitted a second request for nonbinding fee arbitration/mediation to the SCCBA.

---

[2] This amount does not include late charges that appear as separate line items on earlier invoices submitted by Rossi to Shah.

On February 22, 2022, Rossi (which was apparently unaware of Shah's second request for SCCBA arbitration) submitted a demand for arbitration to JAMS over Rossi's unpaid fees. After Rossi became aware of the second SCCBA arbitration, Rossi agreed to proceed with SCCBA.[3]

A panel of three arbitrators from the SCCBA Fee Arbitration Committee conducted an arbitration hearing in September 2022. On November 17, 2022, the SCCBA arbitration panel served on the parties the nonbinding arbitration award (arbitration award) and a notice of their rights after fee arbitration (notice of rights). The panel awarded Rossi $200,064.95 against Shah. The panel found that the total amount of fees and/or costs that Shah owed Rossi was $278,315.69, and that Shah had already paid $78,250.74. It also found that Rossi "performed the bulk of the legal work on" the *Talkad* case, Shah was successful in the litigation, and she had been awarded $450,000 in attorney fees.

The panel noted that Rossi had submitted evidence that Shah had "admitted under oath that the fees she incurred to [Rossi] were reasonable and necessary, [Rossi] did not miss any deadlines, [Rossi's] conduct exceeded the statutory requirements and [Rossi] did not overbill [Shah]."[4] (Fn. omitted.) The panel further stated that Shah "was not able to provide either orally or in writing any specific testimony or evidence to contest the amount or validity of the bills," and argued only that the total amount claimed "was excessive even though [Shah] previously stated, under oath, that her fees were reasonable." The panel concluded that a reduction in the claimed fees was unwarranted, and the evidence did not substantiate Shah's claims that Rossi "performed unnecessary or incorrect work," billed her more hours because of their failure to understand San

---

[3] On June 14, 2022, Shah e-mailed the SCCBA to request that arbitration be "binding." On July 6, 2022, Rossi requested that the SCCBA arbitration be designated as nonbinding.

[4] In support of this observation, the panel cited Shah's declaration submitted in connection with the *Talkad* case. The record on appeal does not include this declaration.

4

Francisco zoning laws, ignored the applicable statutes of limitation, did not exercise the proper standard of care, and engaged in excessive billing. The panel found that the fees charged by Rossi were not unconscionable and decided Rossi was entitled to the full amount of its requested fees.

The notice of rights provided by the SCCBA panel to the parties advised that, in the case of nonbinding arbitration, the parties must file their papers in court within 30 days of the date of service of the arbitration award to preserve their right to challenge the arbitration award in court.

The notice of rights also advised the parties that they "may request a correction of the award with the [SCCBA] as long as [they] file [their] request with the [SCCBA] within 10 days of the date of service of the award and serve a copy on the other party." In addition, it stated that, if a party "believe[s] that the arbitrator(s) failed to include a finding or issue raised in the hearing, then [they] may request an amendment of the award" and "must file [their] request promptly with the [SCCBA] and serve a copy on the other party."

The notice of rights informed the parties that, to vacate or correct a binding arbitration award, the party seeking to vacate or correct the award "must file a petition in the proper court" and must do so "within 100 days after the date the arbitration award was served." To obtain a judgment confirming the arbitration award, a party must file a petition for confirmation of the award with the proper court within four years of the date of service of the award.

Shah neither rejected the SCCBA arbitration award nor filed a request for trial within 30 days of service of the award. It is undisputed that neither party requested a correction or amendment of the arbitration award from the SCCBA or sought to file a petition to vacate or correct the arbitration award within 100 days after service of the award.

5

On December 13, 2022, Rossi sent an e-mail to JAMS (December 2022 e-mail) stating that "[t]he parties ha[d] completed the non-binding arbitration with the SCCBA" and were "now ready to proceed with the arbitration with JAMS." Shah was copied on the December 2022 e-mail. Rossi's purpose for requesting the JAMS arbitration was to address Shah's malpractice claims against Rossi.

On January 17, 2023, JAMS sent a letter to the parties confirming commencement of arbitration.

During an initial hearing with JAMS in July 2023, Shah stated that she would no longer be pursuing any malpractice claims against Rossi but, rather, would be raising malpractice only as an affirmative defense to Rossi's claim for fees. Rossi had until then understood that Shah was alleging malpractice as an affirmative claim.

On September 28, 2023, Rossi sent an e-mail to JAMS notifying it that Rossi was "dropping" its arbitration as "moot" due to the trial court's order and judgment confirming the arbitration award (discussed in greater detail *post*, pt. I.B.2.a). Although Shah had informed Rossi she intended to raise claims of alleged malpractice as an affirmative defense, she had not made any affirmative claims or filed counterclaims against Rossi. Rossi argued that it was their "choice[, as the claimant,] whether or not to drop an arbitration," not Shah's, because she was the respondent in the arbitration and had "no affirmative claims." Shah e-mailed JAMS on September 29, 2023, requesting that it keep the arbitration open and noting that "malpractice and excessive billing" were "core issues" of the arbitration. On October 20, 2023, JAMS confirmed that the arbitration was closed.

### 2. Trial Court

#### a. Petition to Confirm Arbitration Award

On March 8, 2023, Rossi filed in the superior court a petition to confirm contractual arbitration award and for entry of judgment in favor of Rossi and against Shah for the full amount of the arbitration award plus interest at a rate of 10% per annum,

6

commencing on November 17, 2022 (the date of the arbitration award), until the date of entry of judgment.

On August 17, 2023, the trial court conducted a hearing on the petition.  Shah contended that Rossi's December 2022 e-mail was a rejection of the SCCBA's arbitration award, and therefore she was not required to take steps to reject the SCCBA award, which "could not be final."  Rossi responded that Shah failed to identify any authority to support her assertion that she was relieved of her obligation under Business and Professions Code sections 6203 and 6204[5] to reject the arbitration award and petition for a new trial as a consequence of the December 2022 e-mail.  Rossi maintained that Shah was aware that the JAMS arbitration would address her malpractice affirmative defense because she asked for a panelist with experience in malpractice claims.

Shah did not dispute Rossi's contention that she intended to assert malpractice as an affirmative defense in the arbitration before JAMS and reiterated that the JAMS arbitration was supposed to cover "everything."  She argued that "all the dollar figures are wrong in the [arbitration] award," she did not have the opportunity to provide the SCCBA arbitration panel with evidence of her payments to Rossi, she had planned to challenge the incorrect numbers in JAMS arbitration, and the trial court should allow her to introduce evidence on this point.

At the hearing on the petition, the trial court noted that Shah had failed to contest the award within the statutorily mandated timeframe and observed that it was too late for Shah to introduce additional evidence.

On September 12, 2023, the trial court issued an order granting Rossi's petition to confirm the arbitration award.

The trial court entered judgment in Rossi's favor, confirming the arbitration award of $200,064.95, plus interest (calculated at the rate of 10% per annum, i.e., a daily rate of

_____

[5] All further unspecified statutory references are to the Business and Professions Code.

$54.81) commencing on the date of the award, November 17, 2022, through the date of the entry of judgment, resulting in a total judgment of $215,302.13. Rossi served the notice of entry of order granting petition to confirm contractual arbitration award and the notice of entry of judgment on Shah on September 13, 2023.

> b. Motion for New Trial

On October 4, 2023, Shah filed a motion for new trial to vacate and enter different judgment pursuant to Code of Civil Procedure sections 657 and "663[, subdivision] (a)."[6] Shah sought a new "trial" based on the following assertions: she was ordered to pay excessive damages; the arbitration panel's error in calculation constituted "[i]rregularity in [p]roceedings and [a]busive [d]iscretion by concealment" by Rossi of the full amount of Shah's payments; she encountered various "surprises" due to her status "[a]s a layman"; she "newly discovered evidence" material to her case;[7] and an unidentified "error in law occurred during the trial."[8]

Rossi did not timely file an opposition to Shah's new trial motion. On October 30, 2023, Shah filed a notice of nonopposition and stated that, due to Rossi's lack of opposition, the court should grant her motions.

The following day, Rossi filed an opposition to Shah's motions for new trial and to vacate and enter a different judgment. Rossi requested the trial court exercise its discretion to consider the opposition because the opposition was "filed late as a result of mistake and/or excusable neglect," and that such relief was appropriate in a motion for new trial because such a motion is not jurisdictional. Rossi explained that its failure to

---

[6] In fact, Code of Civil Procedure section 663 does not contain a subdivision "(a)."

[7] Shah attached to this motion and to her motion to set aside judgment copies of cancelled checks made payable to Rossi that total $112,000.

[8] Shah also filed a motion to set aside judgment, which the trial court denied. The court's order denying Shah's motions also references a motion for reconsideration—which the court also denied—that does not appear in the record before us. Rossi timely opposed Shah's motions for reconsideration and to set aside judgment. On appeal, Shah does not challenge the orders denying these motions.

8

timely file an opposition to Shah's motion for new trial was a result of internal clerical error. Rossi argued Shah was not prejudiced by the late filing because Rossi served the opposition on Shah 17 days before the hearing on Shah's motions and Shah's deadline to file a reply to the opposition (five days from receipt of the opposition) was before the scheduled hearing date.

On the merits, Rossi contended that a new trial would not be appropriate since there was no evidentiary hearing before the trial court, and there were no irregularities in the proceedings, excessive damages, surprises, errors in law, or newly discovered evidence to merit a new trial. Rossi argued that the court should not vacate its judgment because that relief is only available in certain circumstances not present here and the court did not err in granting the petition.

On November 6, 2023, Shah filed a motion to strike Rossi's opposition as untimely and filed without leave of court. Shah argued that she was prejudiced because she had to read and respond to a long opposition "at the last minute," and the attorney she arranged to help her prepare her reply was not available at the time Rossi filed its opposition, thereby making it "simply impossible" for her to file a reply.

On November 17, 2023, the trial court heard argument on Shah's motions and her objection to the late filing of Rossi's opposition to her motion for new trial. The court found that Shah was not prejudiced from the late filing of Rossi's opposition because Shah still had time to file a reply, was self-represented, could have filed a reply on her own without an attorney, and did not file replies to any of the timely filed oppositions to her other motions. The court also found excusable neglect for Rossi's late filing. The court exercised its discretion to excuse Rossi's untimely opposition to Shah's motion for new trial.

On the merits of Shah's motion, the trial court observed that Shah misread the language of sections 6203, subdivision (b), and 6204, subdivision (c) when she construed Rossi's December 2022 e-mail to JAMS as the initiation of the action that prevented the

9

nonbinding arbitration award from becoming binding. It stated that the statute requires a party to initiate an action in the superior court. While the court acknowledged Shah's contention that she had been confused by Rossi's request for JAMS arbitration, the court found that neither her confusion nor her status as a self-represented litigant relieved Shah of her responsibility to timely file in the superior court the necessary paperwork to vacate or otherwise contest the arbitration award, which she had failed to do. The court stated that it did not find Rossi's December 2022 e-mail to JAMS "to be the type of action which could have led a reasonable person to believe that they were not required to take action to prevent the non-binding award from becoming binding," concluding that Shah failed to show any mistake, inadvertence, surprise, or excusable neglect to warrant setting aside the judgment.

In addition, the trial court noted that Shah did not present any evidence to contradict Rossi's assertions that malpractice—whether used as a claim or as an affirmative defense—was an issue the parties wished to arbitrate before JAMS. The court found no irregularity in the proceedings, unfair surprise, error of law, excessive damages, or new facts or law with respect to the confirmation of the arbitration award.

With respect to Shah's claim of excessive fees, the trial court noted that it could not and would not "second guess" the arbitration award, "particularly given that Shah already raised the claim of excessive fees which was expressly and thoroughly considered and denied by the arbitrator." The court denied all of Shah's postjudgment motions and on November 21, 2023, issued a written order summarizing its findings at the hearing. Shah appeals from the judgment.[9]

---

[9] Shah appealed the September 12, 2023 judgment on November 22, 2023, which was more than 60 days after the service of the notice of entry of the judgment. Although the trial court noted that a motion for new trial may not be procedurally appropriate, it decided the new trial motion on its merits. Assuming without deciding that Shah's motion for new trial after the confirmation was appropriate, we deem her appeal to be timely pursuant to California Rules of Court, rule 8.108(b)(1)(A) and will address her challenge to the trial court's denial of her motion *post* (pt. II.C.2.).

10

## II. DISCUSSION

Shah argues that the trial court erred in confirming the SCCBA arbitration award because it should not have treated the award as binding given that Rossi's December 2022 e-mail to JAMS demonstrated Rossi's intent to reject the award. She asserts that, once Rossi rejected the arbitration award, section 6203, subdivision (b) required the parties to "revert to" the "pending action," namely, the JAMS arbitration. Shah contends Rossi "misuse[d]" the arbitration award by "trick[ing]" Shah into "binding JAMS arbitration and then confirm[ing] the SCCBA award" in the trial court. She maintains that Rossi has unclean hands in asserting that the JAMS arbitration involved malpractice claims and/or affirmative defenses, making unspecified "surprise financial demands," "deliberate[ly] withholding [] crucial payment information until the final hearing," and engaging in unspecified "inconsistent legal strategies."

In addition, Shah contends that the trial court committed procedural error by accepting Rossi's late filed opposition to her motion for new trial, and that such error was prejudicial because, as a self-represented litigant, she needed "more time to conduct research" and "relie[d] on consultations with individuals who were unavailable at the time." She further maintains that there are several grounds on which the trial court should have granted a new trial: irregularity in the proceedings, accident or surprise, new evidence,[10] excessive damages, and errors in law.

In her opening brief, Shah asserts that the SCCBA arbitration panel failed "to consider significant evidence," namely "cleared checks and other financial evidence," in

---

[10] Shah attached to her opening brief three e-mails that are not part of the record on appeal, which Rossi argued should be stricken and not considered by this court. Although Shah argues that California Rules of Court, rule 8.204(d) permits the inclusion of exhibits in appellate briefs, she misapprehends the cited rule. The rule limits exhibits to materials in the appellate record. (*Ibid.*) Because the e-mails attached to Shah's opening brief were neither presented to the trial court nor properly included in the appellate record, we do not consider them. (*Morris v. JP Morgan Chase Bank, N.A.* (2022) 78 Cal.App.5th 279, 288, fn. 3; *Duggan v. Moss* (1979) 98 Cal.App.3d 735, 739.)

11

reaching its decision and issuing the arbitration award. She argues that this was "a significant error affecting the outcome of the arbitration." However, in her reply brief, she ascribes these errors to the trial court, rather than to the arbitration panel, and also maintains that "[t]he trial court erred by reducing [Shah]'s total payments from $112,000 to $78,250," which she contends is grounds for vacating the arbitration award.

Rossi responds that the trial court properly granted its petition to confirm the arbitration award due to Shah's failure to timely reject the nonbinding arbitration award and failure to timely petition to correct or vacate the award in court; properly exercised its discretion in permitting the late filing of Rossi's opposition because the untimeliness of the filing did not prejudice Shah; and properly denied Shah's motion for new trial both procedurally because there was no initial "trial" and no issue of fact, and on the merits because there was no irregularity in the proceedings, accident or surprise, newly discovered evidence, excessive damages, or error in law. In addition, Rossi argues that the unclean hands doctrine, waiver, and estoppel do not apply on the facts here.

### A. Applicable Law

#### 1. Mandatory Fee Arbitration Act

The Mandatory Fee Arbitration Act (MFAA), codified at section 6200 et seq., "is a statutory scheme for the arbitration of attorney-client disputes over legal fees, costs, or both." (*Soni v. SimpleLayers, Inc.* (2019) 42 Cal.App.5th 1071, 1084 (*Soni*).)

A "distinct characteristic of arbitration under the MFAA concerns the finality of the arbitration award. Typical arbitration awards are binding," but an MFAA arbitration award starts out nonbinding and only becomes binding 30 days after service of notice of the award if the parties do not challenge the award in accordance with sections 6203 and 6204. (*Loeb v. Record* (2008) 162 Cal.App.4th 431, 443 (*Loeb*); *Levinson Arshonsky & Kurtz LLP v. Kim* (2019) 35 Cal.App.5th 896, 900–901.) "Even if the parties to the arbitration have not agreed in writing to be bound, the arbitration award shall become binding upon the passage of 30 days after service of notice of the award, unless a party

12

has, within the 30 days, sought a trial after arbitration pursuant to [s]ection 6204." (§ 6203, subd. (b); *Soni*, *supra*, 42 Cal.App.5th at p. 1089.) "This procedure places the burden on the party dissatisfied with the arbitration award to take steps to prevent the award from becoming binding." (*Loeb*, at p. 443.)

"If an action has previously been filed in any court, any petition to confirm, correct, or vacate the award shall be to the court in which the action is pending." (§ 6203, subd. (b).) "If there is an action pending, the trial after arbitration shall be initiated by filing a rejection of arbitration award and request for trial after arbitration in that action within 30 days after service of notice of the award." (§ 6204, subd. (b); *Perez v. Grajales* (2008) 169 Cal.App.4th 580, 598 (*Perez*).)

However, "[i]f no action is pending in any court, the award may be confirmed, corrected, or vacated by petition to the court having jurisdiction over the amount of the arbitration award." (§ 6203, subd. (b).) "If no action is pending, the trial after arbitration shall be initiated by the commencement of an action in the court having jurisdiction over the amount of money in controversy within 30 days after service of notice of the award." (§ 6204, subd. (c); *Perez*, *supra*, 169 Cal.App.4th at p. 598.)

"[T]he term 'action pending' used in the MFAA refers to a lawsuit." (*Loeb*, *supra*, 162 Cal.App.4th at p. 445.) "The interpretation of the phrase 'action pending' is aided by the definitions set forth in the Code of Civil Procedure." (*Id*. at p. 446.) The Code of Civil Procedure defines "action" as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (*Id*., § 22; *Loeb*, at p. 446.) It provides that "[a]n action is commenced . . . when the complaint is filed" (Code Civ. Proc., § 350) and "[a] civil action is commenced by filing a complaint with the court." (*Id*., § 411.10.)

The MFAA deadlines are not subject to extension through the invocation for relief under Code of Civil Procedure section 473. Although " ' "[t]he provisions of section 473

13

of the Code of Civil Procedure are to be liberally construed" ' " (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 371 (*Maynard*)), "the statute does not offer relief from mandatory deadlines deemed jurisdictional in nature. [Citations.] Thus section 473, subdivision (b) cannot extend the time in which a party must move for a new trial, since this time limit is considered jurisdictional" (*id.* at p. 372) nor excuse "a party's failure to comply with the applicable limitations period in which to institute an action." (*Ibid.*)

"[T]he MFAA frames the 30-day deadline for seeking a trial following fee arbitration in uncompromising language, stating that 'the arbitration award *shall become binding* upon the passage of 30 days after mailing of notice of the award, unless a party has, within the 30 days sought a trial after arbitration.' ([]§ 6203, subd. (b), italics added.) The MFAA thus envisions the deadline for seeking a trial following fee arbitration as injecting a measure of finality into a dispute. A party who fails to timely request a trial de novo normally may be presumed to have acquiesced in the result reached through arbitration." (*Maynard*, *supra*, 36 Cal.4th at p. 376; accord, *Perez*, *supra*, 169 Cal.App.4th at pp. 597–598.)

### 2. Confirming, Correcting, or Vacating Arbitration Awards

"Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award." (Code Civ. Proc., § 1285; *Soni*, *supra*, 42 Cal.App.5th at p. 1085.) "A petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner." (Code Civ. Proc., § 1288; *Soni*, at p. 1093.) However, a petition to confirm an arbitration award must be "served and filed not later than four years after the date of service of a signed copy of the award on the petitioner." (Code Civ. Proc., § 1288; *Soni*, at p. 1093.)

" ' "An appeal of the judgment confirming the award may not be used to circumvent the prescribed time allowed to petition for vacation or correction of the award." ' " (*Soni*, *supra*, 42 Cal.App.5th at p. 1093.) " 'If the rule were otherwise, a

14

party who missed the initial 100-day deadline would be able to resurrect any otherwise time-barred challenge by filing a timely response to a petition to confirm.' " (*Ibid.*) Therefore, we " 'will not review the arbitrator's reasoning or the sufficiency of the evidence supporting the award' " (*id.* at pp. 1086–1087), but will limit our review to the trial court's judgment and not the award itself. (*Giorgianni v. Crowley* (2011) 197 Cal.App.4th 1462, 1471(*Giorgianni*).)

"[W]e review de novo the court's judgment on the order confirming the [a]ward" (*Giorgianni, supra,* 197 Cal.App.4th at p. 1471) but do not review the arbitrator's award. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9.) Questions of law in the interpretation of the MFAA are subject to independent review. (*Giorgianni,* at pp. 1471–1472; *Loeb*, *supra*, 162 Cal.App.4th at p. 441.)

3. <u>Motion for New Trial</u>

" 'An order denying a motion for a new trial is not directly appealable, but is reviewable on appeal from the underlying judgment.' " (*Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 669, fn. 3; see also *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19; *Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 71.)

A court may grant a new trial for any of the grounds set forth in Code of Civil Procedure section 657. Such causes include: "1. Irregularity in the proceedings of the court, . . . or any order of the court or abuse of discretion by which either party was prevented from having a fair trial. [¶] . . . [¶] 3. Accident or surprise, which ordinary prudence could not have guarded against. [¶] 4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial. [¶] 5. Excessive or inadequate damages. [¶] . . . [¶] 7. Error in law, occurring at the trial and excepted to by the party making the application." (Code Civ. Proc., § 657.)

We review an order denying a new trial motion for abuse of discretion. (*Fickett v. Rauch* (1947) 31 Cal.2d 110, 112.) In doing so, we accord the trial court "wide discretion in ruling on a motion for new trial" (*City of Los Angeles v. Decker* (1977) 18 Cal.3d 860, 871 (*Decker*)) and give "the exercise of this discretion . . . great deference on appeal." (*Id*. at pp. 871–872.) We review "the entire record, including the evidence, so as to make an independent determination as to whether the error was prejudicial." (*Id*. at p. 872.) "Prejudice is required: '[T]he trial court is bound by the rule of California Constitution, article VI, section 13, that prejudicial error is the basis for a new trial, and there is no discretion to grant a new trial for harmless error.' " (*Sherman v. Kinetic Concepts, Inc.* (1998) 67 Cal.App.4th 1152, 1161.)

### B. *Standards of Appellate Review*

Well-established principles of appellate review guide our analysis. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) As the appellant, Shah bears the burden of showing that the trial court committed an error that justifies reversal of the orders. (*Jameson*, at p. 609.)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*).) When an appellant asserts a point on appeal " 'but fails to support it with reasoned argument and citations to authority' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 (*Nelson*)) or fails to support it with appropriate record citations (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887 (*Fink*); Cal. Rules of Court, rule 8.204(a)(1)(C) [requiring parties to "[s]upport any reference to a matter in the record by a citation to the volume

16

and page number of the record where the matter appears"]), this court may treat the point as forfeited. We are not required to search the record for error ourselves (*Nwosu*, *supra*, 122 Cal.App.4th at p. 1246), and "[w]e are not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Falcone & Fyke*).) In short, "conclusory claims of error will fail." (*S.C.*, at p. 408.)

These requirements apply with equal force to parties representing themselves. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.)

### C. Analysis

#### 1. Petition to Confirm Arbitration Award

Although Shah does not dispute that she did not file a rejection of the SCCBA arbitration award or a request for a trial within the 30-day timeframe required by sections 6203 and 6204, she maintains that Rossi's December 2022 e-mail to JAMS constituted a rejection of the award for the purpose of satisfying the statutory requirement. As a result (in her view), the arbitration award did not become binding and, thus, the trial court erred in confirming the award. Rossi disputes Shah's characterization of the December 2022 e-mail.

The parties' arguments on appeal are predicated upon the assumption that they were required to file a rejection of the arbitration award to forestall its conversion into a binding award. However, a party need only file a rejection if there is already an action pending—meaning a lawsuit—in court. (*Loeb*, *supra*, 162 Cal.App.4th at pp. 445–446.) Although the parties had taken steps to pursue an arbitration with JAMS, neither party had instituted an action in court at the time the SCCBA arbitration panel issued the award. Therefore, pursuant to the plain language of sections 6203, subdivision (b) and 6204, subdivision (c), to prevent the arbitration award from becoming binding, a party dissatisfied with the award must initiate "an action in the court having jurisdiction over the amount of money in controversy within 30 days after service of notice of the award."

17

(§ 6204, subd. (c).) Neither party did so. The December 2022 e-mail to JAMS requesting to proceed with arbitration does not constitute the initiation of a trial or the commencement of an action in court. Nor did Shah file a petition to vacate or correct the arbitration award within the 100-day statutory timeframe. (Code Civ. Proc., § 1288.) Shah's right to file such a request expired before Rossi filed its petition to confirm the arbitration award. A court may not correct an arbitration award unless a party has filed "[a] petition or response requesting that the award be corrected" (*id*., § 1286.8, subd. (a)) or "vacated" (*id*., subd. (b)). Thus, we conclude that the trial court did not err in finding the arbitration award to be binding, granting the petition, and confirming the arbitration award.

Shah asserts that Rossi's actions in proceeding with JAMS arbitration and yet filing the petition to confirm the arbitration award with the trial court, created procedural irregularities that "tricked" her "into binding JAMS arbitration." She argues that, by engaging in such procedural irregularities, Rossi waived its right to challenge, and should be estopped from challenging, Shah's belated efforts to reject, vacate, correct, or otherwise contest the arbitration award.

Shah does not cite to any evidence in the record or legal authority to support her assertion (other than one inapposite record citation to her own argument in the trial court that Rossi compelled her to pick a JAMS neutral). Nor does Shah develop any argument as to how Rossi's actions constituted procedural irregularities or cite to applicable legal authority to support her argument that such actions were procedurally irregular. The three cases she does cite are inapposite, as they pertain to waiver and estoppel.[11]

---

[11] Moreover, for two of the three cases, Shah quotes language that does not appear in those decisions. Shah claims that the court in *Pacific Valley Bank v. Schwenke* (1987) 189 Cal.App.3d 134, 145 stated: " 'Waiver is the intentional relinquishment of a known right, and it may be implied through conduct that is so inconsistent with an intent to enforce the right as to induce a reasonable belief that it has been relinquished.' " However, no such statement exists in the cited opinion, either on the page Shah identifies

18

"Appellate briefs must provide argument and legal authority for the positions taken" (*Nelson*, *supra*, 172 Cal.App.4th at p. 862), and a party who claims the trial court erred may not "rest on the bare assertion of error but must present argument and legal authority on each point raised." (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649.) We disregard Shah's claim of procedural irregularities as unsupported. (See *S.C.*, *supra*, 138 Cal.App.4th at p. 406; *Fink*, *supra*, 25 Cal.3d at p. 888.)

Further, the record does not support her claim of procedural irregularities. Rossi initiated arbitration with JAMS in February 2022 when Shah failed to take action for over a year in the SCCBA arbitration she initiated in September 2020. Rossi was entitled to initiate the binding arbitration with JAMS pursuant to the terms of the agreement between the parties, which allow a party to proceed with binding arbitration if the other party does not "timely elect to proceed under the" MFAA. We surmise that, when Shah submitted a new request to the SCCBA for arbitration, the JAMS arbitration was put on hold. Per the December 2022 e-mail, Rossi reinitiated the JAMS arbitration once the SCCBA arbitration panel issued the arbitration award. The record supports Rossi's assertion that it elected to proceed with the JAMS arbitration to address Shah's claim (later, affirmative defense) of malpractice, as borne out by Rossi's September 28, 2023 e-mail to JAMS noting Shah's plan to raise claims of alleged malpractice as an affirmative defense to Rossi's fee claim and Shah's September 29, 2023 e-mail to JAMS

---

in her brief or elsewhere. Indeed, the page Shah cites sets forth a different standard: "[A] waiver of a legal right cannot be established without *a clear showing of intent to give up such a right*. [Citation.] The burden is on the party claiming the waiver to prove it by *clear and convincing evidence* that ' "does not leave the matter doubtful or uncertain." ' " (*Ibid*., italics added.)

Shah also relies on *DRG/Beverly Hills, Ltd. V. Chopstix Dim Sum Cafe & Takeout III, Ltd.* (1994) 30 Cal.App.4th 54, 60 to support her arguments regarding waiver and estoppel, and claims the court stated: " 'A party cannot, after inducing another to act in reliance upon certain representations or behavior, alter its position to the detriment of the party misled.' " No such statement exists in the cited opinion, either on the page Shah identifies in her brief or elsewhere.

acknowledging that malpractice was one of the "core issues" of the arbitration.[12] Meanwhile, because the parties did not commence an action in court within the 30-day time period set forth in sections 6203 and 6204, the nonbinding arbitration award became binding, giving Rossi the right to petition the trial court to confirm the award, which it did within the four-year period set forth in Code of Civil Procedure section 1288.

Shah also contends that Rossi's failure to mention "malpractice arbitration" in its December 2022 e-mail and other "unethical behavior," such as Rossi's "use of surprise financial demands" and "deliberate withholding of crucial payment information until the final hearing," demonstrate that Rossi has acted with "unclean hands" and "unfairly disadvantaged" her. Shah does not identify with particularity any facts in the record substantiating these claims. To support her argument, Shah cites to almost the entirety— 32 out of 45 pages—of the reporter's transcript for the November 17, 2023 hearing on her motion for new trial without specifying any statements or contentions made by Rossi. "It is neither practical nor appropriate for us to comb the record on [a party]'s behalf." (*Fink*, *supra*, 25 Cal.3d at p. 888.) Nor does Shah develop any legal argument as to how these nebulous asserted actions amount to "unclean hands." Therefore, we disregard Shah's claim of unclean hands as unsupported.

2. Motion for New Trial

Shah asserts that she was prejudiced by Rossi's failure to timely file its opposition to her motion for new trial and by the trial court's acceptance of the late filed opposition. The trial court reviewed the declaration submitted by Rossi and found the reason for the delay to be credible and excusable. " ' " '[I]t is the exclusive province of' " ' " the trial court " ' " 'to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.' " ' " (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968.)

---

[12] Both e-mails were attached as exhibits to Shah's motion for new trial.

Moreover, Shah has not persuaded us that she was prejudiced by the delay in filing of the opposition. As the trial court noted, Rossi's opposition was served on October 31, 2023, 17 days before the scheduled hearing on Shah's motion for new trial, providing Shah with ample time within which to file her reply, which would have been due five days after the service of Rossi's opposition, whether or not the opposition was timely filed. (Code Civ. Proc., § 659a.) Given that Shah is a self-represented litigant, we do not consider the absence of her "consultant" during the reply timeframe to be prejudicial and note that Shah could have elected to apply to extend the reply deadline for good cause. (*Ibid.*)

Shah argues that the trial court also erred by denying her motion for new trial despite the presence of several grounds supporting the need for a new trial: irregularity in the proceedings resulting from the trial court's acceptance of Rossi's late opposition; surprise resulting from Rossi's petition to compel Shah to select a neutral JAMS arbitrator, petition to confirm the arbitration award, untimely filing of its opposition to Shah's motion for new trial, withholding of unspecified "crucial payment information," and termination of JAMS arbitration; "new evidence" of Shah's $112,000 in payments to Rossi; excessive damages in the arbitration award resulting from the SCCBA arbitration panel's failure to consider the full amount of Shah's payments (she also asserts that the total amount, including late fees and interest, was "excessive"); and unspecified "errors in law" committed by the trial court, including its "misapplication of the SCCBA arbitration decision."

We have significant doubts that Shah was entitled to challenge the trial court's order confirming the arbitration award in a motion for new trial. "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee." (Code Civ. Proc., § 656.) Shah does not point to any legal authority holding that a hearing on a petition to confirm an arbitration award is a trial, or that orders confirming arbitration awards are subject to judicial review pursuant to a motion for new

21

trial. Shah's sole options for judicial review of the arbitration award—which she failed to exercise—was to move to vacate or correct the award under Code of Civil Procedure sections 1286.2 or 1286.6. (*ECC Capital Corp. v. Manatt, Phelps & Phillips, LLP* (2017) 9 Cal.App.5th 885, 899–900; see also *Louise Gardens of Encino Homeowners' Assn., Inc. v. Truck Ins. Exchange, Inc.* (2000) 82 Cal.App.4th 648, 659 ["A party who fails to timely file a petition to vacate under [Code of Civil Procedure] section 1286 may not thereafter attack that award by other means on grounds which would have supported an order to vacate."]; *Knass v. Blue Cross of California* (1991) 228 Cal.App.3d 390, 394.)

Nevertheless, we recognize that the trial court denied Shah's motion for new trial on the merits. Assuming without deciding that the trial court had the authority to consider Shah's motion for new trial, we must review " 'the entire record and mak[e] an independent assessment' " of whether the trial court abused its discretion by denying Shah's motion. (*Defries v. Yamaha Motor Corp.* (2022) 84 Cal.App.5th 846, 854.) A trial court "is accorded a wide discretion in ruling on a motion for new trial and that the exercise of this discretion is given great deference on appeal." (*Decker*, *supra*, 18 Cal.3d at pp. 871–872.)

We have reviewed the entirety of the record and Shah's substantive arguments on appeal with respect to the motion for new trial. We conclude that her arguments—which are undeveloped, conclusory, and unsupported by the record and legal authority—lack merit. We decide that the trial court did not abuse its discretion in denying Shah's motion for new trial.

### 3. Motion for Sanctions

Rossi seeks sanctions against Shah in the amount of $24,360 in attorney fees for time spent responding to Shah's appeal. Rossi contends Shah brought a frivolous appeal and "included in the record numerous matters not reasonably material to the appeal's determination." Rossi catalogues Shah's various motions and other filings, the majority of which were denied or stricken, as evidence of "her propensity for overlitigating this

matter," which it characterizes as "patently frivolous" due to the established limitations on a Court of Appeal's power to review a judgment confirming an arbitration award. Rossi maintains that Shah's violation of California Rules of Court, rule 8.204(d) supports the imposition of sanctions.

"Whether to impose appellate sanctions is a matter within our discretion. [Citation.] Under [Code of Civil Procedure] section 907 and California Rules of Court, rule 8.276(a)(1), we may award sanctions when an appeal is frivolous and taken solely to cause delay." (*Citizens for Amending Proposition L v. City of Pomona* (2018) 28 Cal.App.5th 1159, 1194.) "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) "The two standards are often used together, with one providing evidence of the other. Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay." (*Id*. at p. 649.) Furthermore, to avoid chilling the assertion of a litigant's rights on appeal, the sanctions power "should be used most sparingly to deter only the most egregious conduct." (*Id*. at p. 651.)

Having reviewed the record and arguments of the parties, we conclude the threshold for imposing sanctions has not been reached in this case. But our decision is a close one. While the notice of the parties' rights after fee arbitration clearly set forth the options available to the parties after the issuance of the arbitration award and the deadlines for exercising those options, and repeatedly reminded the parties of the importance of adhering to those deadlines, we credit to some extent Shah's expressed confusion with respect to the effect of JAMS arbitration on the SCCBA award. Based on our review of the record, we do not agree that Shah's motives were clearly improper and

23

decline to exercise our discretion to impose sanctions. We therefore deny Rossi's motion for sanctions.

## III. DISPOSITION

The judgment is affirmed. Respondent is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

_____
Danner, Acting P. J.

WE CONCUR:


_____
Lie, J.



_____
Bromberg, J.



**H051614**
***Rossi, Hamerslough, Reischl & Chuck v. Shah***